UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERTO GUZMAN, KHALIL MUHAMMAD**, and **CLIFFORD WILLIAMS**,

    Plaintiffs,

CASE NO: 2021-

-vs-

HON:
MAGISTRATE:

**CITY OF DETROIT**, a municipal Corporation, **DONALD OWENS**, and, **NATHANIEL MULLEN**, in their individual and official capacities, jointly and severally,

    Defendants.

---

**CAIR-MI LEGAL FUND**
By: Amy V. Doukoure (P80461)
Attorney for Plaintiffs
1905 S. Haggerty Rd., Suite 5
Canton, MI 48188
(248) 559-2247
adoukoure@cair.com

---

## COMPLAINT AND JURY DEMAND

**NOW COMES**, Plaintiffs, ROBERTO GUZMAN, KHALIL MUHAMMAD, and CLIFFORD WILLIAMS, by and through their counsel, COUNCIL ON AMERICAN ISLAMIC RELATIONS-MICHIGAN LEGAL

1

FUND, by Amy V. Doukoure, and in support of their Complaint against Defendants, aver as follows:

## JURISDICTION AND VENUE

1. Plaintiffs Roberto Guzman, Khalil Muhammad, and Clifford Williams are residents of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, CITY OF DETROIT, is a municipal corporation and governmental subdivision organized and existing under the laws of the state of Michigan, located within the County of Wayne, State of Michigan.

3. Upon information and belief, Defendant Donald Owens, is a resident of the City of Warren, County of Macomb, State of Michigan.

4. Upon information and belief, Defendant Nathaniel Mullen, is a resident of the County of Wayne, State of Michigan.

5. The individually-named Defendants are and/or were police officers employed by the City of Detroit Police Department and were acting under the color of law in their individual and official capacities, and within the course and scope of their employment at all relevant times mentioned herein.

6. All events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

7. Jurisdiction is vested in this Court under 28 USC § 1331(federal question) and 28 USC §1343 (civil rights).

8. This Court has supplemental jurisdiction of Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. That this lawsuit arises out of Defendants' violations of Plaintiffs' constitutional rights as secured by the Fourth and Fourteenth Amendments to the U.S. Constitution, and violations of state law.

10. Plaintiffs have a viable claim for damages pursuant to 42 USC §1983.

11. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

## BACKGROUND FACTS

12. Plaintiffs reallege and incorporate all previously pled paragraphs as if fully laid forth herein.

13. This case arises out of the wrongful arrest, detention and harassment of Plaintiffs at the hands of Defendants or persons acting under their direction.

14. Plaintiffs Khalil Muhammad ("Muhammad") and Clifford Williams ("Williams") reside in a single-family residential home on Greenlawn Street ("Greenlawn Residence") on the west side of the City of Detroit.

15. On September 26, 2020, Plaintiffs called 911 from the Greenlawn Residence to report that an individual also residing in the home, Whitney Craig ("Craig"), at the time had destroyed property belonging to Plaintiff Muhammad and had become violent and attacked Plaintiffs with a hammer.

16. At the time Plaintiffs called 911 they were seeking assistance from the City of Detroit Police Department to secure the safety of their home, property and persons.

17. Defendant police officers Donald Owens ("Owens") and Nathaniel Mullen ("Mullen") responded to the distressed call from Plaintiffs, arriving at or near their residence shortly after Plaintiffs had placed their call to 911.

18. Upon arriving on scene, Ms. Craig was in the street and had the opportunity to speak with Owens and Mullen prior to their arrival at the Greenlawn Residence.

19. While speaking with Ms. Craig, Mullen and Owens, referred to Ms. Craig as crazy and in other terms generally associated with individuals having a noticeable mental health condition.

20. At some point, Ms. Craig indicates to Owens and Mullen that the men that she had been staying with were "Muslims."

21. After speaking with Ms. Craig, Defendant Owens then made several explicitly Islamophobic comments to unidentified officers who arrived at the scene that were: (1) inflammatory and derogatory (2) irrelevant to the situation at hand and (3) were the sole basis for his determination to arrest Plaintiffs.

22. Defendant Owen's Islamophobic comments include him saying:

    a. Muslims lie a lot;

  b.  Muslim men don't like for women to have a voice;

  c.  Muslim men are pedophiles (and proceeds to tell a story of a domestic situation involving two consenting adults both above the age of 21);

  d.  Muslim men don't like for women to leave the house; and

  e.  Muslim men are controlling, especially toward women.

23. Subsequent to making these Islamophobic and bigoted statements, Defendant Owens admitted that he did not know what was going on but directed that himself and Defendant Mullen would arrest the Plaintiffs and "let the prosecutor sort it out."

24. Upon arriving at the Greenlawn Residence, Mullen takes the statement of Plaintiffs whereby they indicate that they had been physically assaulted by Ms. Craig with a claw hammer when they asked her to leave the residence due to her having destroyed personal property of Plaintiff Muhammad.

25. Mullen and Owens both acknowledged to each other, as well as other officers on the scene, that Plaintiff Roberto Guzman ("Guzman") had blood and other signs of physical injury to his person.

26. At no time did Defendant Owens or Defendant Mullen take into consideration the physical evidence of Plaintiff Guzman's injuries, nor did they do any investigation into the claims that Ms. Craig had destroyed property or used a claw hammer to assault the Plaintiffs.

27. At no time was Ms. Craig able to articulate any event that day for which the City of Detroit Police Department would have been responding. Furthermore, at no time did Ms. Craig articulate in any manner that she had been the victim of any crime perpetrated against her by any of the Plaintiffs in this matter.

28. Despite the fact that Plaintiffs had evidently been assaulted by Ms. Craig, and the lack of any articulable facts from Ms. Craig, Defendant Owens and Defendant Mullen arrested all three Plaintiffs.

29. Plaintiffs were arrested and handcuffed in front of the Greenlawn Residence in broad daylight in front of their neighbors in a manner that was intended to humiliate and embarrass them due to their Muslim faith.

30. Plaintiffs' arrest was based solely on Defendants' animus and bigotry towards Muslims, especially Muslim men, and was without probable cause.

31. Plaintiffs were detained for nearly three (3) days at the Detroit Detention Center in the City of Detroit, while awaiting a charging determination by the Wayne County Prosecutor.

32. After three days in detention awaiting charges, Plaintiffs were released without charge.

33. Upon information and belief, Plaintiffs were not charged with any crime as a result of there being a complete lack of any evidence of criminal activity,

and due to Defendants Owens and Mullen's complete lack of investigation prior to their arrest on September 26.

34. Upon information and belief, in addition to fabricating allegations Ms. Craig never made to Defendant Officers Owens or Mullen, Defendants Owens and Mullens did falsify, fabricate and manufacture information in their official police report in an effort to secure charges against Plaintiffs due to their adherence to the Islamic faith by, *inter alia*, claiming in their reports that Ms. Craig was coherent and "not in a mental crisis while on scene", despite the fact that at the scene both officer Defendants had called her "crazy" and clearly stated that she had a mental health problem.

35. It is clear from Defendants' written reports and body camera footage taken at the scene:

    a. Defendants lacked probable cause to believe that a crime was committed and that Plaintiffs had perpetrated a crime;

    b. Defendants lacked probable cause with which to arrest Plaintiffs, and indeed did not even know what they were arresting them for because they were going to let someone else "sort it out;"

    c. Defendants were predisposed to not believing Plaintiffs as a result of their expressed religious animus towards Muslim;

  d. Defendants would not have arrested Plaintiffs but for the fact that they were Muslim men;

 36. Plaintiff Williams has a severe diabetic condition which requires monitoring, proper diet, and medicine to regulate.

 37. Plaintiff Williams disclosed his condition to the Defendants during his arrest, and once again while he was being housed at the Detroit Detention Center for several days.

 38. However, due to Defendants' unconstitutional arrest of Plaintiff Williams, their continued illegal detention and false imprisonment of Williams and the complete lack of adequate medical care by Defendants, Plaintiff Williams, upon being release from the Detroit Detention Center was immediately transported to a William Beaumont Hospital for emergency treatment of his diabetes where he remained for several hours.

 39. Plaintiff Guzman was handcuffed by Defendant Owens and complained to Defendant Owens that his handcuffs were too tight and were causing pain and tingling in his hand and wrists.

 40. Defendant Owens ignored Plaintiff Guzman's pleas for assistance in deliberate indifference and wanton and willful neglect of his duty to Plaintiff Guzman.

41. As a direct and proximate result of Defendant Owens' conduct, Plaintiff Guzman suffered pain and neuropathy in his hands and thumbs for several weeks following his arrest.

42. As a direct and proximate result of Defendants' illegal and unconstitutional actions, Plaintiffs suffered embarrassment, humiliation, pain and suffering, emotional harm and loss of liberty.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983- ILLEGAL SEARCH AND SEIZURE

43. Plaintiffs reallege and incorporate by reference each and every previously pled paragraph as if fully set forth herein.

44. The Fourth Amendment to the United States Constitution establishes that Plaintiffs have a right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures and excessive force.

45. 42 U.S.C. §1983 provides a vehicle for a private cause of action against state actors who engage in activities that violate an individual's rights guaranteed by the United States Constitution or an amendment to the Constitution.

46. At all material times, Defendants acted under color of law and unreasonably when the violated Plaintiffs' Fourth Amendment Rights when they falsely arrested and falsely detained Plaintiff without probable cause or exigent circumstances.

47. At all times pertinent to this Complaint, Defendants were "state actors" as that phrase is identified under 42 U.S.C. §1983.

48. That while acting under the color of state law, Defendants, acting individually and in concert with other Detroit Police officials who they were directing and controlling, violated Plaintiffs' rights under the United States Constitution protected by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution including, but not limited to the following:

  a. Arresting and/or detaining Plaintiffs;

  b. Using excessive force against the Plaintiffs;

  c. Failing to provide adequate medical care amounting to c

  d. Such other and unconstitutional conduct as may be uncovered by this litigation.

49. Defendants acted unreasonably and failed in their duties when the falsely arrested/detained/seized Plaintiffs without considering the totality of the circumstances.

50. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment rights to be free from unreasonable search and seizures.

51. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of their constitutional rights.

52. Due to Defendants' actions, Plaintiffs' Fourth Amendment rights were violated pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable court to award, exemplary, compensatory, and punitive damages plus costs and attorney fees as set forth in 42 U.S.C. §1988.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. §1983- EXCESSIVE FORCE

53. Plaintiff realleges and incorporates by reference each and every previously pled paragraph as if fully laid forth herein.

54. The Individually-named Defendants were at all times mentioned herein acting under the color of law and within the course and scope of their employment.

55. As a result of the conduct complained of herein, Plaintiffs suffered a deprivation of clearly established rights protected by and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without the due process of law, and the right to be free from unreasonable search and seizures.

56. Defendants violated Plaintiffs' clearly established and federally protected rights by using excessive and/or unreasonable force against Plaintiffs and/or failed to intervene and stop the excessive and/or unreasonable use of force.

57. Defendants' acts were at all times intentional, objectively unreasonable, reckless, and or grossly negligent, which is in violation of Plaintiffs' clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

58. As a result of Defendants' violation/deprivation of Plaintiffs' constitutional rights, Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. §1983, together withs costs and attorneys' fees pursuant to 42 U.S.C. §1988.

## COUNT III
## VIOLATION OF THE FOURTEENTH AMENDMENT
## 42 U.S.C. §1983- EQUAL PROTECTION

59. Plaintiffs reallege and incorporate every previously pled paragraphs as if fully laid forth herein.

60. The Individually-named Defendants were at all times mentioned herein acting under the color of law and within the course and scope of their employment.

61. As a result of the conduct complained of herein, Plaintiffs suffered a deprivation of clearly established rights protected by and secured by the Fourteenth Amendment to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without the due process of law, and the right to equal protection under the law regardless of their Islamic Faith.

62. Defendants violated Plaintiffs' clearly established and federally protected rights by profiling Plaintiffs based on their identity as practicing Muslims and without solely as a result of their Islamic faith arrested Plaintiffs without probable cause.

63. Defendants further violated Plaintiffs' clearly established and federally protected rights by falsifying and otherwise fabricating statements in their official police reports in an effort to secure criminal charges against Plaintiffs solely as a result of Defendants' expressed biases against Muslim men.

64. Defendants' acts were at all times intentional, objectively unreasonable, reckless, and or grossly negligent, which is in violation of Plaintiffs' clearly established rights under the Fourteenth Amendments to the United States Constitution.

65. As a result of Defendants' violation/deprivation of Plaintiffs' constitutional rights, Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. §1983, together withs costs and attorneys' fees pursuant to 42 U.S.C. §1988.

## COUNT IV
## GROSS NEGLIGENCE

66. Plaintiffs reallege and incorporates by reference each and every previously pled paragraph as though it were laid forth herein.

67. Defendants had a duty to perform their employment activities so as not to endanger or harm Plaintiffs.

68. However, Defendants breached that duty by acting indifferently or grossly negligent without regard to Plaintiffs' welfare.

69. Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

70. That according to MCL 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounts to gross negligence.

71. That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiffs suffered damages.

## COUNT V
## CITY OF DETROIT'S CONSTITUTIONAL VIOLATIONS

72. Plaintiff realleges and incorporates by reference each and every previously pled paragraph as if fully laid forth herein.

73. Defendant City of Detroit acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations of Plaintiffs.

74. These customs, policies, and/or practices included but were not limited to the following:

a. Failing to train and/or supervise its officers so as to prevent violations of citizens' constitutional rights;

b. Failing to supervise, review, and/or discipline officers;

c. Failing to supervise, review and/or discipline officer whom the City of Detroit knew or should have known were violating or prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

d. Failing to control and/or discipline police officers known to harass, intimidate or abuse citizens;

e. Failing to control and/or discipline police officers known for racial and religiously profiling citizens in a manner that is unconstitutional and violates citizens' rights;

f. Failing to train and/or supervise police officers regarding legal execution of searches and/or seizures;

g. Failing to train and/or supervise its police officers regarding the use of excessive force;

h. Having a custom, policy, and/or practice of falsely arresting and/or illegally detaining citizens.

75. Defendant City of Detroit's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

76. Defendant City of Detroit's deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiffs' injuries and damages.

77. Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. §1983, together with costs and attorney fees pursuant to 42 U.S.C. §1988.

## COUNT VI
## VIOLATION OF THE EIGHT AMENDMENT
## 42 U.S.C. §1983- CRUEL AND UNUSUAL PUNISHMENT
## AS TO PLAINTIFF CLIFFORD WILLIAMS

78. Plaintiff realleges and incorporates by reference each and every previously pled paragraph as if fully laid forth herein.

79. The Individually-named Defendants were at all times mentioned herein acting under the color of law and within the course and scope of their employment.

80. As a result of the conduct complained of herein, Plaintiff Williams suffered a deprivation of clearly established rights protected by and secured by the Eighth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from cruel and unusual punishment.

81. Defendants violated Plaintiff William's clearly established and federally protected rights by using excessive and/or unreasonable force against Plaintiffs and/or failed to intervene and stop the excessive and/or unreasonable use of force.

82. Defendants' acts were at all times intentional, objectively unreasonable, reckless, and or grossly negligent, which is in violation of Plaintiff William's clearly

established rights under the Eight and Fourteenth Amendments to the United States Constitution.

83. As a result of Defendants' violation/deprivation of Plaintiff William's constitutional rights, Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. §1983, together withs costs and attorneys' fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiffs respectfully requests this Honorable Court enter an award in their favor against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and attorney fees.

Respectfully Submitted,
CAIR-MI LEGAL FUND

/s/
Amy V. Doukoure (P80461)
Attorney for Plaintiff
1905 S. Haggerty Road, Suite 5
Canton, MI 48188
(248) 559-2247
adoukoure@cair.com

DATED: September 29, 2021