UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERTO GUZMAN, *et al.*,

        Plaintiffs,

v.

CITY OF DETROIT, *et al.*,

        Defendants.

_____/

Case No. 4:21-cv-12290
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' AMENDED MOTION TO COMPEL (ECF No. 30)

This matter came before the Court for consideration of Plaintiffs' amended[1] motion to compel (ECF No. 30), Defendant's stricken response in opposition (ECF No. 35), Plaintiffs' reply (ECF No. 37), and the parties' joint list of unresolved issues (ECF No. 36). Judge Leitman referred the motion to me for a hearing and determination. (ECF No. 31.) A hearing was held on September 13, 2022, at which counsel for both parties appeared[2] and the Court entertained oral argument regarding the motion.

---

[1] The Court, by text-only order, required Plaintiffs to file an amended version of their original motion to compel (ECF No. 25) to comply with E.D. Mich. Local Rule 5.1(a)(3). (8/16/22 Text-Only Order.)

[2] As has become a pattern, Defendants' counsel arrived at the hearing ten minutes late without notice to either the Court or Plaintiffs' counsel.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiffs' amended motion to compel (ECF No. 30) is **GRANTED IN PART** and **DENIED IN PART** as follows, using the parties' joint list of unresolved issues (ECF No. 36) as a guide:

- To facilitate compliance with the Court's June 24, 2022 order (ECF No. 22) and the production of medical records related to treatment Plaintiff Clifford Williams received during his stay at the Detroit Detention Center (DDC), the Court **ORDERS** that Defendants subpoena the records from the MDOC within three days of receiving a medical release form prepared by Plaintiffs' counsel.  (*See* ECF No. 36, PageID.672-674.)

- The Court **DENIES** Plaintiffs' request for production of dashcam footage on the basis of Defendants' counsel's representation at the hearing that such footage does not exist or is no longer available under the applicable retention policies.  (*See* ECF No. 36, PageID.674-675.)

- The Court deems **RESOLVED** Plaintiffs' request for unredacted bodycam footage on the basis of Defendants' counsel's representations that he would be producing such footage on the afternoon of September 13th.  The Court will enforce this promise, which is taken as a stipulation.  (*See* ECF No. 36, PageID.675-676.)

- The Court **ORDERS** that by **Friday, September 23, 2022**, Defendants identify Fed. R. Civ. P. 30(b)(6) witnesses competent to testify regarding Topics 1-3 from the Joint Statement (*see* ECF No. 36, PageID.677), and that by **Friday, October 7, 2022**, Defendants make those witnesses available for deposition. Further, the Court **ORDERS** that by **Friday, September 23, 2022**, Defendants address Topic 4 by producing a sworn affidavit

- explaining that responsive documents do not exist and why. (*See* ECF No. 36, PageID.676-677.)

- By **Friday, September 23, 2022**, Defendants **MUST REIMBURSE** Plaintiffs' counsel **$228.38** for the court reporter's fee incurred when Defendants failed to attend scheduled depositions. (*See* ECF No. 36, PageID.679.)

- By **Friday, September 23, 2022**, Defendants **MUST IDENTIFY** who of the following remain employed by the City of Detroit or its Police Department—Officer Matthew Dube, Officer C. Stinson, Corporal M. Lawrence, and Officer A. Nelson—and provide Plaintiffs' counsel with contact information for those no longer employed. Those identified as still employed by the City of Detroit or its Police Department **MUST** appear and sit for depositions on **Thursday, October 20, 2022**. (*See* ECF No. 36, PageID.678-681.)

- The Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request to compel responses to Requests for Production Nos. 1-6 (*see* ECF No. 30-12, PageID.620-621) as the Court does not have an adequate record to rule and Captain Lever will address the requests in his deposition. (*See* ECF No. 36, PageID.681-683.)

- The Court **ORDERS** that by **Friday, September 23, 2022**, Defendants produce an affidavit that spells out what happened with the discipline and appeal at issue in the parties' unresolved issue No. 7 with respect to Defendant Mullen, the procedures that were in play (ECF No. 36, PageID.683; *see also*, ECF No. 30, PageID.471), and any associated documents, if they exist.

The Court notes that following the hearing, Judge Leitman signed the parties' stipulated order extending discovery deadlines. (ECF No. 39.) Finally, the Court awards no costs, neither party having prevailed in full and the motion having

3

initially been filed with a less than impressive statement of concurrence.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i) and (C).  (*See also* 8/16/22 Text-Only Order.)

**IT IS SO ORDERED.**

Dated: September 14, 2022

    Anthony P. Patti
    UNITED STATES MAGISTRATE JUDGE